UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michael Oscar Elane,

                              Petitioner

v.

Markwayne Mullin, et al.,

                              Respondents

Case No. 2:26-cv-01176-CDS-EJY

**Order Granting in Part the Petitioner's Petition for Writ of Habeas Corpus and Denying as Moot the Petitioner's Motion for Temporary Restraining Order**

[ECF Nos. 8, 9]

On May 12, 2026, petitioner Michael Oscar Elane filed an amended petition for writ of habeas corpus. *See* First am. pet., ECF No. 8. Elane requests a writ ordering the respondents to release him, declaring that ICE's detention violates his Fifth Amendment due process rights and the Immigration and Nationality Act (INA), and granting other related relief. *Id.* The respondents filed a response to the petition. Resp., ECF No. 17.[1] Elane also filed a motion for a temporary restraining order (TRO). Mot., ECF No. 9. The respondents filed a response. *See* Resp., ECF No. 18. For the reasons set forth herein, I grant the writ in part.[2]

**I.    Background**

Michael Elane is a citizen of Venezuela. ECF No. 8 at 2; I-213 Record, Resp't's Ex. A, ECF No. 17-2. Around July 25, 1987, Elane entered the United States on an F-1 student visa and overstayed the authorization period. ECF No. 17-2 at 2–3. On June 17, 2002, Elane was granted voluntary departure. ECF No. 8 at 2. After six months in immigration custody, the United States was unable to remove Elane, so his voluntary departure became a final order of removal, and he was released from custody and provided a work permit. *Id.*

---

[1] Respondent Mattos filed a separate response taking no position on the habeas petition. ECF No. 11 at 2.
[2] Because I grant in part Elane's writ of habeas corpus, I deny as moot the motion for a TRO.

Elane was placed on an order of supervision (OSUP). Order of removal, Resp'ts' Ex. B, ECF No. 17-3 at 2–3. The OSUP report provides that from 2002 through 2016, Elane repeatedly checked in with his officer to comply with the OSUP. *Id.* at 4–6.[3]

On April 7, 2026, during a routine check-in meeting, Elane was taken into Immigration and Customs Enforcement (ICE) custody and was served with a notice of revocation of his prior release. ECF No. 8 at 2; Notice of revocation of release, Resp'ts' Ex. C, ECF No. 17-4. The notice stated that Elane's informal interview was scheduled for April 7, 2026. *Id.* at 3. The notice of revocation also stated that "ICE is seeking a travel document to effect your expeditious removal to Venezuela/Mexico." *Id.* at 2.

Around April 22, 2026, ICE attempted to deport Elane to Venezuela, but Venezuela rejected him, and Elane was returned back to the United States. *Id.* On May 1, 2026, Elane was served with a warning for failure to depart. Warning, Resp'ts' Ex. F, ECF No. 17-7. The form indicates that Elane was served with the warning and refused or declined to sign. *Id.* at 2.[4] On May 4, 2026, Elane was served with a notice of failure to comply. Notice of failure, Resp'ts' Ex. G, ECF No. 17-8. The notice advises Elane that "[o]n May 1, 2026, ICE attempted to serve you the Notice of Third Country Removal, which you refused to sign." *Id.* at 2.

## II.    Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution

---

[3] There was no additional record provided after 2016.

[4] I note for the record that the warning provided to Elane has a notice section in Spanish titled "aviso de deportacion." Though no translation was provided, I know this is a notice ("aviso") advising Elane of ICE's intention to deport him ("de deportacion"). ECF No. 17-7 at 4.

or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   Discussion

As a threshold matter, I find that I have jurisdiction over this action because the petitioner is not challenging his removal proceedings before this court, rather his ongoing detention. ECF No. 19 at 14. Thus, the respondents' arguments concerning lack of jurisdiction are unpersuasive, *see* ECF No. 17 at 15–19,[5] so I resolve the petition as set forth herein.

In the amended petition, Elane brings the following claims for relief: (1) the petitioner's continued indefinite detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) the petitioner's continued detention violates the INA, 8 U.S.C. § 1231(a)(6); (3) ICE's failure to comply with its own regulations concerning the re-detention of individuals on an OSUP violates Elane's Fifth Amendment due process rights and the Administrative Procedures Act (APA); (4) ICE's policy to remove noncitizens to a third country without notice or opportunity to seek fear-based protection violates his Fifth Amendment right to due process and constitutes arbitrary and capricious agency action in violation of the APA; and (5) the petitioner's detention pursuant to ICE's policy regarding third country removal violates the Fifth Amendment due process clause. *See* ECF No. 8.

I grant Elane's writ of habeas corpus petition on the fourth ground, finding that his due process rights have been violated because he has not been presented with the opportunity to be

---

[5] I also find the respondents' argument that the petitioner must exhaust his administrative remedies unpersuasive. The respondents argue that waiving exhaustion would encourage other detainees to bypass the BIA and directly appeal their no-bond determination from the IJ to federal district court. ECF No. 17 at 19. However, Elane does not seek a bond determination. Further, exhaustion is prudential rather than a jurisdictional requirement, as it is not explicitly required by statute. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Moreover, challenging ancillary or collateral issues arising independently from the removal process—for instance, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Garcia-Marroquin v. Mullin*, 2026 U.S. Dist. LEXIS 100748, at *3 (S.D. Cal. May 6, 2026) (citation omitted). Because Elane is not seeking to challenge his final order of removal, but rather his ongoing detention, I find the respondents' argument unpersuasive.

heard as to third country removal. Because I grant his writ on the fourth claim for relief, I need not address his APA claim on the merits.

A procedural due process claim has two elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Miranda v. City of Casa Grande*, 15 F4th 1219, 1225 (9th Cir. 2021) (citations omitted). Elane contends that the respondents have attempted to deport him to a third country (Mexico) without any protections. ECF No. 8 at 17. Elane further contends that he has a due process right to meaningful notice and an opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country, but he was denied that right. *Id.* In opposition, the respondents assert that Elane's challenge to a hypothetical third-country removal is not ripe and is akin to seeking an advisory opinion. ECF No. 17 at 13–14. In particular, the respondents assert that they are "unaware" that ICE has considered removing Elane to Mexico, and that Elane is essentially asking this court to adjudicate the legality of a hypothetical future removal to a currently unidentified third country. *Id.* at 14. So the respondents ask this court to deny the petition because it rests on "contingent future events and an undeveloped factual record." *Id.*

Both troubling and contrary to the respondents' representations, the record is clear: the respondents' own exhibits demonstrate that ICE is seeking to remove Elane to Mexico. Indeed, the respondents' exhibits support Elane's argument that ICE is attempting to remove Elane to a third country. *See* ECF No. 17-4 at 2 (stating "ICE is seeking a travel document to effect your expeditious removal to Venezuela/**Mexico**") (emphasis added); ECF No. 17-7 at 4 (explaining in the warning for failure to depart, ICE has the intent to deport Elane to **Mexico**) (emphasis added).

Because Elane has not been presented with the opportunity to be heard as to third country removal, I find that his due process rights have been violated. *See Gomez v. Mattos*, 2025 U.S. Dist. LEXIS 220190 (D. Nev. Nov. 6, 2025) (finding that the petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an

immigration judge before DHS deports him to a third country); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) (a noncitizen must be given sufficient notice of a country of deportation).

Accordingly, because Elane has been served with notice that the respondents intend to remove him to a third country, and they have attempted to have Elane sign documents to effectuate his removal to Mexico (ECF No. 17-7 at 3)—*without* an opportunity to be heard—I grant his writ of habeas corpus petition on due process violation grounds only.[6]

IV.    Conclusion

IT IS ORDERED that Elane's first amended petition for writ of habeas corpus [**ECF No. 8] is GRANTED in part as set forth in this order.**

IT IS FURTHER ORDERED that the respondents are ordered to release Elane within twenty-four hours, by 5:00 p.m., June 24, 2026. The petitioner is to be released from custody, subject to his prior order of supervision.

---

[6] Alternatively, I also find that I would grant Elane's petition based on his third ground for relief asserting that his due process rights have been violated because ICE has failed to comply with its own regulations concerning the re-detention of individuals on OSUP. The respondents assert that when Elane was taken into custody, he was served with a notice of revocation and that placed Elane on notice that his prior release was being revoked. ECF No. 17 at 13. The respondents further assert that the informal interview was to be conducted on April 7, 2026, *id.*, conclusively assert that the petitioner "was given an opportunity to respond to the reasons for this revocation," and submit that such informal interview meets the requirement of 8 C.F.R. 241.4(1)(1) and 241.13(i)(3). *Id.* However, they failed to supply any evidence to support their argument that such informal interview took place which provided Elane with a meaningful opportunity to be heard regarding his re-detention. *See Kerota v. Noem*, 2026 U.S. Dist. LEXIS 12954, at *10 (S.D. Cal. Jan. 23, 2026); *Grigorian v. Bondi*, 2025 WL 2604573, at *10 (S.D. Fla. Sep. 9, 2025) ("The failure to provide [the petitioner] with an informal interview promptly after his detention or **to otherwise provide a** meaningful opportunity to contest **the reasons for revocation violates both ICE's own regulations and the Fifth Amendment Due Process Clause**. This compels [the petitioner's] release." (emphasis added)); *Rios v. Noem*, 2025 U.S. Dist. LEXIS 221626, at *5 (S.D. Cal. Nov. 10, 2025) (granting writ of habeas on due process grounds finding that the respondents violated the petitioners' rights under the Fifth Amendment when the petitioner was re-detained without being provided adequate notice, evidentiary findings, or an opportunity to be heard). Here, there is no dispute that Elane was served with notice, however, the record is devoid of any evidence showing that Elane was given a meaningful opportunity to be heard.

IT IS FURTHER ORDERED that the petitioner's motion for temporary restraining order [ECF No. 9] is DENIED as moot.

IT IS FURTHER ORDERED that the parties must file a joint status report no later than **Friday, June 26, 2026,** advising of the status of compliance with this order.

Dated: June 23, 2026

_____
Cristina D. Silva
United States District Judge